682 So.2d 974 (1996)
Susie PECK and Alexander Peck, Plaintiff-Appellant
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 96-645.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*975 Earl B. Taylor, Laura T. Marler, Opelousas, for Susie and Alexander Peck.
Philip Andre Fontenot, Lafayette, for Wal-Mart Stores, Inc.
Before THIBODEAUX, COOKS and GREMILLION, JJ.
GREMILLION, Judge.
Plaintiffs, Susie Peck and her husband, Alexander Peck, appeal the judgment of the jury in their suit against defendant, Wal-Mart, for damages they suffered as a result of Ms. Peck slipping on the floor of the Wal-Mart in Opelousas. For the following reasons, we affirm the judgment of the trial court except that the award for general damages to Ms. Peck is amended to reflect an increase to $35,000.00.

FACTS
On March 10, 1990, Mr. and Ms. Peck were in Wal-Mart shopping for a few household items. While walking down one of the main aisles, Ms. Peck's right foot slipped and she began to fall. Although Mr. Peck caught her around the waist and prevented her from striking the floor, Ms. Peck twisted the right side of her neck and hip. As a result of this mishap, Ms. Peck alleges that she sustained permanent injury to her neck and sacroiliac joint accompanied by pain and loss of physical function.
On March 7, 1991, the Pecks filed suit against Wal-Mart and its insurer, National Union Fire Insurance Company, for the damages suffered by Ms. Peck and for Mr. Peck's loss of consortium. This case was tried before a jury on September 13-14, 1995. The jury initially returned a verdict which found that there was a substance or object on the floor of the Wal-Mart store which presented a hazardous condition creating an unreasonable risk of harm; that Wal-Mart was at fault; and that Ms. Peck was not at fault. The jury then awarded Ms. Peck $11,000.00 for physical and mental pain, suffering, and anguish, past and future, including any permanent disability and loss of enjoyment of life, and $6,048.00 for medical expenses. The jury also found that Mr. Peck suffered no loss as a result of this accident and rejected his claim for loss of consortium. However, the jury allocated 55% of the fault to Wal-Mart and 45% to Ms. Peck. The judge then explained to the jury that their verdict was inconsistent and instructed them that they could not find Ms. Peck free from fault and then allocate 45% of the fault to her. The jury was sent back for further deliberations and later returned with a verdict that found that Ms. Peck was at fault and allocated the degree of fault at 45%. From this judgment, Mr. and Ms. Peck appeal.

*976 ASSIGNMENTS OF ERROR
The Pecks assert the following assignments of error:
1. The trial court erred in assigning Ms. Peck comparative fault of 45%.
2. The trial court erred in only awarding to Ms. Peck the sum of $11,000.00 plus $6,048.00 in special damages, disregarding the serious and permanent nature of her injury.
3. The trial court erred in failing to award loss of consortium to Alex Peck.

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's or a jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, 549 So.2d 840; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Stobart, 617 So.2d 880.
The trier of fact may choose to reject all of the testimony of any witness or may believe and accept any part or parts of a witness' testimony and refuse to accept any other part or parts thereof. LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir. 1990); Harrigan v. Freeman, 498 So.2d 58 (La.App. 1 Cir.1986). The trier of fact may accept or reject any part of a witness' testimony. Dominici v. Wal-Mart Stores, Inc., 606 So.2d 555 (La.App. 4 Cir.1992).

COMPARATIVE FAULT
In their first assignment of error, the Pecks contend that the trial court erred in assigning Ms. Peck 45% of the fault in the accident. The defense of comparative fault is provided for in La.Civ.Code art. 2323, which reads as follows:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
Furthermore, when a defendant claims comparative negligence as a defense, he must prove by a preponderance of the evidence that such negligence was a cause-in-fact of the accident. Olivier v. Gray Insurance Co., 94-1313 (La.App. 3 Cir. 10/25/95), 664 So.2d 497.
The assigning of comparative fault is a factual determination subject to the manifest errorclearly wrong standard of review. Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La. 1985). Although a customer in a self-service store has a diminished duty to keep a proper lookout for hazards when shelved merchandise attracts their attention, this duty is not wholly extinguished; still, a customer retains the duty to exercise reasonable care. Stark v. National Tea Co., 94-2633 (La.App. 4 Cir. 5/16/95), 655 So.2d 769.
The evidence produced at trial provides a reasonable basis for the jury's conclusion that Ms. Peck was partially at fault. Ms. Peck testified that she was familiar with this particular Wal-Mart store; that she was looking straight ahead; and that she was not distracted by the merchandise on the shelves along the aisle in which she slipped. A fair conclusion which a factfinder could draw from the evidence was that Ms. Peck did not exercise reasonable care in keeping a proper lookout while in the store. As such, the jury was not clearly wrong in finding fault on the part of Ms. Peck. Thus, we find this assignment of error is without merit.

*977 QUANTUM
When an appellate court is asked to review an award for damages, "[t]he initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the `much discretion' of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion." Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993). (Citations omitted.)
After a thorough review of the record, it is clear that in awarding damages the trier of fact abused its discretion. The record reflects that Ms. Peck began to experience pain almost immediately after the accident. The pain effected her right hip, neck, shoulder, and leg. She was treated with medication, physical therapy, and subsequently a spinal epidural injection. As late as December, 1993, Ms. Peck received another injection and physical therapy. She was still suffering chronic, intermittent pain at the time of the trial. She attempts to control the pain by continuing to take medication and avoiding the things that make her hurt. As a result, Ms. Peck's injuries have significantly altered her quality of life. Before the accident, Ms. Peck was physically active, regularly dancing, bicycling, and walking. Additionally, she and her husband frequently went to the movies and attended their sons' football games. Since the accident, however, Ms. Peck has had to significantly curtail these activities because of the resulting pain. She is limited in the type of clothing she can wear, has difficulty sleeping on her right side, cannot exercise or dance as much as she was accustomed, and cannot work in her garden. Furthermore, sitting in one position for an extended period of time causes her great discomfort, seriously altering her enjoyment of movies and sporting events, and preventing her from sitting on the floor and playing with her grandchildren.
With the above in mind, we feel that an appropriate award is $35,000.00. Compare Bergeron v. Southeastern Louisiana University, 610 So.2d 986 (La.App. 1 Cir.1992) ($30,000.00 in general damages awarded to plaintiff who suffered from headaches, low back pain, and numbness in hip and leg caused by minimal circumferential bulging of the disc material, but no herniation.); Johnson v. Wal-Mart Stores, Inc., 616 So.2d 817 (La. App. 2 Cir.1993) ($20,000.00 in general damages awarded to plaintiff who suffered right shoulder sprain, tendinitis of the knee, contusions to the hip, carpal tunnel syndrome, and tenosynovitis of the right wrist and hand, and two years later, requires prescription medication for pain management.); Lewis v. Wal-Mart Stores, Inc., 546 So.2d 267 (La.App. 3 Cir.1989) ($30,000.00 awarded to plaintiff who suffered back strain and aggravation of pre-existing condition of neck.); Gray v. Louisiana Downs, 585 So.2d 1238 (La.App. 2 Cir. 1991) ($20,000.00 awarded to plaintiff who had to reduce leisure activities and household responsibilities due to lumbo-sacral strain-sprain which exacerbated pre-existing condition.); Thomas v. K-Mart Corporation, 525 So.2d 24 (La.App. 3 Cir.1988) ($25,000.00 awarded to plaintiff for bulging disc which is permanent and will cause intermittent pain and some disability for an extended period.)

LOSS OF CONSORTIUM
The elements of a loss of consortium claim are loss of society, sex, service, and support. La.Civ.Code art. 2315; Girard v. Price, 606 So.2d 990 (La.App. 3 Cir.1992). A jury's finding regarding a claim for loss of consortium is a factual determination which should not be reversed in the absence of manifest error. Breaux v. Wal-Mart Stores, Inc., 93-1035 (La.App. 3 Cir. 4/6/94), 635 So.2d 667, writ denied, 640 So.2d 1347 (La. 1994). After a review of the record, and in particular, Mr. Peck's testimony, we cannot say that the trier of fact committed manifest error by not awarding him damages for loss of consortium. "The successful claimant for loss of consortium damages has to prove three things: the liability of the defendant, his or her spouse's damages, and his or her consequent loss of consortium damages." Gilbert v. Laborde, 93-761 (La.App. 3 Cir. 2/2/94), 632 So.2d 1162, 1169. Even though he testified that they were not able to engage *978 in activities they once enjoyed previously, Mr. Peck offered no proof of his claimed damages. In fact, he testified "[w]ell, there's nothing she can't do that she did before, but it just depends on how much she wants to pay for it at a later date." Otherwise, he did not testify how her injury impacted his life and caused him damages. As such, there appears to be a reasonable basis for the jury's determination that he suffered no damages. We, therefore, find this assignment of error also lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's decision is affirmed except that the award to Ms. Peck for general damages is increased to $35,000.00. The costs of this appeal are to be paid by the defendants, Wal-Mart and its insurer, National Union Fire Insurance Company.
AMENDED AND AFFIRMED.