# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 04-1634


**CHARLES D. EZERNACK, ET AL.**

**VERSUS**

**PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL.**


************

## APPEAL FROM THE
## NINTH  JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 212,400-C
## HONORABLE F. RAE SWENT, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************


Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter and James T. Genovese, Judges.


**AFFIRMED AS AMENDED.**



**Ian A. MacDonald**
**600 Jefferson Street, Suite 1200**
**Lafayette, Louisiana 70502**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Farmers Insurance Exchange**


**V. Ross Cicardo**
**Post Office Drawer 11635**
**1725 MacArthur Drive**
**Alexandria, Louisiana  71315**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Charles D. Ezernack**
 **Mildred Ezernack**

**GENOVESE, Judge.**

Defendant, Farmers Insurance Exchange ("Farmers"), appeals the trial court's award of $40,000 for loss of consortium to Plaintiff, Mildred Ezernack. After thorough consideration of the record and applicable law, we affirm but amend the judgment of the trial court to reduce the award for loss of consortium to $25,000.

## FACTS

On April 5, 2002, Plaintiff, Charles Ezernack, was involved in a two-car collision on MacArthur Drive in Alexandria, Rapides Parish, Louisiana. Mr. Ezernack was returning home from work in a vehicle owned by his employer, the City of Alexandria, and was stopped at a red light when his vehicle was struck once from the rear by a vehicle being operated by Brittney Menard. Mr. Ezernack, who was 61 years old at the time of the accident, sustained a torn rotator cuff injury to his right shoulder that necessitated arthroscopic surgery on June 31, 2002.

The Plaintiffs, Charles and Mildred Ezernack, brought suit against the City of Alexandria's automobile liability insurer, Progressive Security Insurance Company, and their own uninsured/underinsured motorist ("UM") carrier, Farmers Insurance Exchange. Mr. Ezernack sought damages for his personal injuries and Mrs. Ezernack sought loss of consortium damages.

Prior to trial, Plaintiffs settled with Progressive Security Insurance Company. On May 25, 2004, a bench trial was held against the UM carrier on the sole issue of quantum. Written reasons for judgment were rendered on June 16, 2004, whereby Charles Ezernack was awarded $65,000 in general damages and $34,708.80 for past medical expenses. Mildred Ezernack was awarded $40,000 for loss of consortium.

Farmers appeals the trial court's award of consortium damages.

1

## STANDARD OF APPELLATE REVIEW

Farmers contends that the evidence does not support the trial court's award of $40,000 in loss of consortium damages to Mrs. Ezernack and should either be set aside or reduced.

> In order to prove a claim for loss of consortium, a plaintiff must prove three things: (1) the liability of the defendant, (2) his or her spouse's damages, and (3) his or her consequent loss of consortium damages. *Peck v. Wal-Mart Stores, Inc.*, 96-645 (La.App. 3 Cir. 11/6/96), 682 So.2d 974. Loss of consortium is more than just a loss of general overall happiness, it also includes love and affection, society and companionship, sexual relations, the right of performance of material services, the right of support, aid, and assistance, and felicity. *Detraz* [*v. Hartford Accident & Indemnity Co.*, 94-708 (La.App. 3 Cir. 12/7/94)], 647 So.2d 576. The trier of fact is given much discretion in awards for loss of consortium and will not be overturned on appeal in the absence of manifest error. *Doucet v. Doug Ashy Bldg. Materials, Inc.*, 95-1159 (La.App. 3 Cir. 4/3/96), 671 So.2d 1148; *Lonthier v. Northwest Ins. Co.*, 497 So.2d 774 (La.App. 3 Cir.1986).

*Creel v. St. Charles Gaming Co.*, 97-994, p. 11 (La.App. 3 Cir. 2/4/98), 707 So.2d 475, 481 (citing *Bellard v. South Cent. Bell Tel. Co.*, 96-1426, p. 21 (La.App. 3 Cir. 8/27/97), 702 So.2d 695, 707).

After reviewing the record, we find the evidence does not support such a substantial award for loss of consortium to Mrs. Ezernack.

Mrs. Ezernack testified that shortly after her husband's accident, she began to notice he could no longer perform certain menial tasks around the house that he was accustomed to performing without difficulty and discomfort. Mr. Ezernack testified that after sustaining the injury to his right shoulder he could no longer go grocery shopping or clean the pool as he was accustomed to doing. In fact, the Plaintiffs testified they hired a pool man due to Mr. Ezernack's inability to lift. However, Mr. Ezernack also testified that he returned to work only one week after his accident and that he could still assist in chores, such as taking out the garbage, due to the fact that he is left handed and his injury was to his right shoulder.

The record supports a finding that Mrs. Ezernack has sustained a loss of the

services that Mr. Ezernack used to perform around the house. The record tends to show that this is not a huge amount of work, but it is a loss nonetheless.

As to the effect of Mr. Ezernack's injury on the marital relationship, Mr. Ezernack testified that due to his discomfort, he would often awake during the night which would, in turn, disturb Mrs. Ezernack's sleep. This led to Mrs. Ezernack sleeping in a separate bedroom. Though the trial court cites this fact as being a determining factor in granting its considerable consortium award, both Mr. Ezernack and Mrs. Ezernack testified that the reason they began to sleep in separate bedrooms was their concern for the other's restful sleep and comfort. Further, there was no testimony that the Ezernack's sexual relations were impaired or curtailed after the accident.

Based upon the testimony presented, we must conclude that the trial court's award of $40,000 for loss of consortium is excessive. Therefore, we refer to similar cases to determine a reasonable award based on circumstances comparable to the case at bar.

The court of appeal affirmed the trial court's award of $20,000 in loss of consortium damages to the plaintiff's former husband in *Ditch v. State ex rel. Department of Transportation and Development*, 99-379 (La.App. 3 Cir. 11/24/99), 745 So.2d 1279, *writ denied*, 00-695 (La. 5/5/00), 761 So.2d 544. The plaintiff sustained injuries in a motor vehicle accident and the evidence indicated that the plaintiff's husband failed to provide very much, if any, financial and emotional support to plaintiff. In affirming the trial court's award, the appellate court noted the loss of consortium award was "generous." *Id.* at 1290.

In *Thrash v. Maerhofer*, 99-375 (La.App. 3 Cir. 11/17/99), 745 So.2d 1238, *writ denied*, 99-3578 (La. 2/18/00), 754 So.2d 966, the trial court granted the

3

plaintiff's motion for judgment notwithstanding the verdict and awarded $20,000 to the plaintiff's husband for loss of consortium. In that case, the plaintiff brought a malpractice action against her chiropractor for negligent treatment which led to her subsequently undergoing several lumbar surgeries. The appellate court affirmed the trial court's award stating that the testimony supported the husband's claim that his wife's disability and residual pain impacted the marital relationship.

In *LeBlanc v. Acadian Ambulance Service, Inc.*, 99-271 (La.App. 3 Cir. 10/13/99), 746 So.2d. 665, the plaintiff underwent several surgeries, for both back- and neck-related problems, after sustaining injuries in a three-vehicle accident. The testimony in that case supported the wife's claims that the husband's accident put a strain on their marriage and diminished their social and sex life. The court of appeal reversed the jury's denial of consortium damages and awarded plaintiff's wife $20,000.

Considering the evidence of the effect of Mr. Ezernack's injury on the relationship with his wife, we find that an award of $25,000 is the highest amount reasonably within the discretion of the factfinder under the circumstances of this case. The judgment is amended accordingly.

## CONCLUSION

For the foregoing reasons, the district court's judgment is affirmed, as amended, reducing the loss of consortium award to Mildred Ezernack to $25,000. Costs of this appeal are assessed against the appellee, Mildred Ezernack.

**AFFIRMED AS AMENDED.**

4