WINDHORST, J.
11Appellant,- Louisiana Pizza Group, LLC, d/b/a Papa John’s Pizza (“LPG”), appeals the trial court’s July 27, 2016 summary judgment in favor of appellees, The Gray Insurance Company, Command Construction Industries, LLC, and Patrick Jackson (hereinafter “appellees” or “Jackson”), dismissing plaintiff, Tobias Dixon’s, claims against appellees with prejudice. For the reasons that follow, we affirm the trial court’s July 27,2016 judgment.
Facts and Procedural History
This accident occurred on October 6, 2013, in the center turn lane and left westbound lane of U.S. Highway 90 near its intersection with Breaux Court in St. Charles Parish. Defendant, Devyn Allen, was driving his vehicle westbound on U.S. Highway 90, when he moved from the left westbound lane into the center turn lane. Plaintiff, Dixon, operating his motorcycle, collided with the rear of Allen’s vehicle and he was ejected from the motorcycle where *660 he landed on the pavement. Thereafter, a pickup truck driven by co-defendant, Jackson, allegedly struck Dixon while he was lying on the pavement. Dixon filed a petition naming Allen, Progressive Security Insurance Company (insurer of Allen’s vehicle), Jackson, Command Construction In-’ dustries, LLC (Jackson’s employer), and The Gray Insurance. Company (Command’s insurer). Dixon subsequently added LPG (Allen’s employer) and Tudor Insurance Company (LPG’s insurer).
On April 22, 2016, appellees filed a motion for summary judgment arguing that there was no evidence that Jackson ran over Dixon while he was lying on the pavement. The motion was opposed by Dixon and LPG. The trial court granted the motion on July 27, 2016. Dixon filed a motion for appeal, but dismissed his appeal in the trial court before the record was lodged in this Court. LPG filed the instant timely appeal.
Discussion
| ⅞An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate. Bank of New York Mellon v. Smith, 15-0530 (La. 10/14/15), 180 So.3d 1238, 1243; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 07/05/94), 639 So.2d 730, 750. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment ás a matter of law. La. C.C.P. art. 966 A(3).
In its sole assignment of error, LPG contends that the trial court erred in granting appellees’ motion for summary judgment. LPG contends that there remains a genuine issue of material fact as to the liability of appellees, and whether Jackson struck Dixon while he was lying on the pavement. Thus, LPG contends that the comparative fault of Jackson, who was found .without fault at summary judgment, is a determination that should be made by the trier of fact.
When a judgment dismisses one of several cumulated claims by the plain-. tiff, the plaintiff must appeal' the adverse judgment to obtain affirmative relief. Nunez v. Commercial Union Ins. Co., 00-3062 (La. 02/16/01), 780 So.2d 348, 349. The judgment of dismissal acquires the authority of the thing adjudged when the plaintiff does not appeal the dismissal of his action. Grimes v. La. Med. Mut. Ins. Co., 10-0039 (La. 05/28/10), 36 So.3d 215, 217; Nunez, 780 So.2d at 349. An appeal frpm the judgment of the trial court by another party only brings “up on appeal the portions of the judgment that were adverse to [that party],” but not “the portions of the judgment that were adverse to plaintiff.” Grimes, 36 So.3d at 217, citing Nunez, 780 So.2d at 349.
When Dixon did not appeal or answer the appeal, the summary judgment dismissing appellees became final as to the parties thereto, Dixon and Jackson. In |3the absence of an appeal, this Court has no authority to determine whether the grant of summary judgment against Dixon was correct on its merits.
With regard to appellant’s contention that the trier of fact should determine and allocate fault between Jackson and LPG, La. C.C.P. art. 966 G provides:
G. When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or nonparty is not negligent, is not at fault, or did not cause in whole or in part .the injury or harm alleged; that party or non-party shall not be considered in any subsequent allocation of fault. *661 Evidence shall not be admitted at trial to establish the fault of that party or nonparty.
During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party’s fault be submitted to the jury or included on the jury verdict form. (Emphasis and line break added.)
These provisions were not law when Grimes,[1] supra, was decided. They are clear and unambiguous, and do not lead to absurd results. La. C.C.P. art. 966 G is an emphatic expression by the legislature that there shall be no evidence admitted, nor any consideration of the fault or comparative fault of a party or non-party who has been adjudicated to be without negligence or fault at summary judgment.
The summary judgment which found Jackson free of fault is now final. A finding to the effect that La. C.C.P. art. 966 G does not preclude all parties from attempting to show fault on the part of a party dismissed in summary judgment could lead to the absurd result that during trial, LPG would be permitted to argue and present evidence of Jackson’s percentage of fault, while the plaintiff, Dixon, against whom summary judgment was adverse, could not. That result would 1 .[disregard the current law and would allow LPG to circumvent the intent of the legislature.
■ To the contrary, La. C.C.P. 966 G is clear; “no party shall refer directly or indirectly” to fault of a party or non-párty who was found not at fault at summary judgment, and the trial court shall not consider the dismissed party in any allocation of fault.
Therefore, although LPG appeals the summary judgment insofar as it is adverse to LPG, under the provisions of La. C.C.P. art. 966 G, LPG may not introduce, and the trial court may not admit or allow evidence, argument, or reference to, or any consideration of, fault on the part of Jackson at trial. Accordingly, LPG’s appeal is without merit.
Conclusion
For the reasons stated above, we affirm the trial court’s July 27, 2016 summary judgment finding Jackson free from fault, and dismissing Dixon’s case against appel-lees.
AFFIRMED

. In Grimes, supra, the Supreme Court affirmed a summary judgment dismissing a defendant when the plaintiff neither appealed nor answered the appeal. The Court noted that an appeal from the judgment of the trial court by another party only brings "up on appeal the portions of the judgment that were adverse to [that party],” but not "the portions of the judgment that were adverse to plaintiff." The Court found that while the dismissed defendant could not be cast for judgment, the co-defendant was still entitled to a .reduction in judgment by the percentage of fault allocated to the dismissed defendant in accordance with the general principles of comparative fault set forth in La. C.C. art. 2323. At the time Grimes was decided, La. C.C.P. art. 966 did not contain the mandatory language of subsection G which now prohibits the appellee’s fault and percentage of fault from being submitted to the trier of fact.