STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

GERALD RODNEY WHITE AND CHARLOTTE WHITE

VERSUS

LOUISIANA DEPARTMENT OF TRANSPORTATION &
DEVELOPMENT, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,702 "B"
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

CONERY, J., concurs in the result.

APPEAL DISMISSED.

Fred Andrew Pharis
Pharis & Pharis
831 DeSoto Street
Alexandria, LA 71301
Telephone: (318) 445-8266
COUNSEL FOR:
    Plaintiffs/Appellees - Gerald Rodney White and Charlotte White

**Jerold Edward Knoll**
**The Knoll Law Firm**
**P. O. Box 426**
**Marksville, LA 71351**
**Telephone: (318) 253-6200**
**COUNSEL FOR:**
  **Plaintiffs/Appellees - Gerald Rodney White and Charlotte White**

**Mickey Stephens deLaup**
**Mickey S. deLaup, APLC**
**2701 Metairie Road**
**Metairie, LA 70001**
**Telephone: (504) 828-2277**
**COUNSEL FOR:**
  **Defendant/Appellee - Safeco Insurance Co. of Oregon**

**Victoria R. Murry**
**Assistant Attorney General**
**Shane D. Williams**
**Assistant Attorney General**
**Louisiana Department of Justice**
**P. O. Box 1710**
**Alexandria, LA 71309-1710**
**Telephone: (318) 487-5944**
**COUNSEL FOR:**
  **Defendant/Appellant - Louisiana Department of Transportation & Development**

**Madeline J. Lee**
**Bolen, Parker, & Brenner, Lee & Engelsman, Ltd.**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**Telephone: (318) 445-8236**
**COUNSEL FOR:**
  **Defendants/Appellees - Church Mutual Insurance Company, Garold A. Mangun, and Mickey Mangun**

**THIBODEAUX, Chief Judge.**

Defendant State of Louisiana, Through the Department of Transportation and Development (hereafter "DOTD") appeals a summary judgment granted in favor of homeowners and co-defendants, Rev. Garold Mangun and Mrs. Mickey Mangun (hereafter "the Manguns"). DOTD contends that there is a genuine issue of material fact because the Manguns knew or should have known of the defective pecan tree on their property before it fell during a storm, injuring Plaintiff Gerald Rodney White, and that summary judgment was improper. The Manguns contend they are not liable because they did not maintain the right-of-way; DOTD did. Further, the Manguns, along with insurers, Church Mutual Insurance Company (hereafter "Church Mutual"), and Safeco Insurance Company of Oregon (hereafter "Safeco"), assert that they may not be considered in the litigation because they were dismissed on summary judgment and the Plaintiffs did not appeal the dismissal. Thus, the judgment dismissing them as parties is final. We find that DOTD may not reference the Manguns because the trial court dismissed the Manguns. Because we find summary judgment became final when the adverse judgment was not appealed by the Plaintiffs, this court does not reach the merits as to whether summary judgment was proper.

I.

## ISSUES

We must determine whether a co-defendant dismissed under La.Code Civ.P. art. 966(G) can be referenced for comparative fault under La.Civ.Code art. 2323 when the plaintiffs did not appeal the summary judgment. If this court finds

that the dismissed co-defendants may be referenced, this court must also determine whether summary judgment as to the dismissed co-defendants was proper.

II.

## FACTS AND PROCEDURAL HISTORY

On August 24, 2014, Mr. White was driving in the eastbound lane of Highway 496 in Alexandria, Louisiana during a violent thunderstorm. As Mr. White passed the Manguns' home, a pecan tree located in the right-of-way across the street and maintained by DOTD, fell on Mr. White's truck, pinning him inside the truck. Mr. White had to be extracted from the truck, and he sustained injuries.

Mr. White brought suit for general and special damages, including physical pain and suffering, mental anguish and distress, permanent injuries, medical expenses, lost wages, and any other damages incurred from the accident. Mr. White's wife, Charlotte White, brought a claim for loss of consortium. Mr. and Mrs. White (hereafter "the Whites") filed suit against the City of Alexandria (hereafter "the City"), DOTD, the Manguns and their insurers, Church Mutual and Safeco, alleging negligence for failure to maintain, inspect, and remove the damaged pecan tree.

The City filed an answer to the petition, pleading the affirmative defense of comparative fault. The Manguns answered that they had no actual or constructive notice of the defective tree because they "rarely, if ever" went onto the property where the tree was located. Furthermore, the defect on the tree was only visible from the side facing opposite of the roadway and away from the Manguns' home.

The City filed a motion for summary judgment asserting that DOTD is responsible for maintaining the right-of-ways on State highways and that the City had no notice of the defective pecan tree. The trial court granted the City's motion for summary judgment.

The Manguns and Church Mutual filed a motion for summary judgment. Thereafter, Safeco also filed a motion for summary judgment. The Manguns asserted that they had no knowledge of the tree's defect because they neither maintained the tree nor did they mow the right-of-way. During his deposition, DOTD's expert arborist, Mr. Malcolm Guidry, described the tree's canopy as healthy. The Whites' expert arborist, Mr. Robert Thibodeaux, testified that he saw signs of the tree's failure through bark twists and discoloration, as well as a co-dominant trunk visible on pre-accident photographs of the tree. However, Mr. Thibodeaux noted that these signs were not signs that he would expect a layperson to recognize as signs of the tree's failure. DOTD opposed the summary judgment, arguing that the Manguns did not exercise reasonable care through their failure to maintain, inspect, and remedy the defective tree. The trial court granted summary judgment in favor of the Manguns, Church Mutual, and Safeco. The Whites did not appeal the summary judgment. DOTD now appeals, contending that there is a genuine issue of material fact as to whether the Manguns had notice of the defective tree.

## III.

## STANDARDS OF REVIEW

"When an appellate court reviews the grant or denial of a motion for summary judgment, it applies the de novo standard of review, 'using the same

3

criteria that govern the trial court's consideration of whether summary judgment is appropriate.'" *State Farm Mut. Auto. Ins. Co. v. McCabe*, 14-501, 14-502, p. 3 (La.App. 3 Cir. 11/5/14), 150 So.3d 595, 597 (quoting *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844) (citations omitted). Under La.Code Civ.P. art. 966(A)(3), a motion for summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." *McCabe*, 150 So.3d at 597.

IV.

## LAW AND DISCUSSION

DOTD asserts that the Manguns were negligent in failing to discover the defect and remove the tree and evidence of the Manguns' fault should be introduced for comparative fault at trial. DOTD seeks reversal of the trial court's grant of summary judgment, alleging there remains a genuine issue of material fact over: (1) whether the Manguns exercised reasonable care over their property; (2) whether or not the Manguns could have detected the defect in the tree; and (3) whether the Manguns could have remedied the defect with the exercise of reasonable care.

DOTD alleges that the Manguns are comparatively negligent under La.Civ.Code art. 2317.1 for the ruin, vice, or defect of the tree and should not have been dismissed from the suit.

Louisiana Civil Code Article 2317.1 reads:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or

4

defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care . . . .

DOTD contends that it should be able to reference the Manguns' fault at trial for purposes of comparative fault under La.Civ.Code art. 2323 even if the Manguns remain as dismissed co-defendants.

Louisiana Civil Code Article 2323(A) reads:

In any action for damages where a person suffers injury, death, or loss, the degree of percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable . . . .

DOTD asserts that there remains a genuine issue of material fact that should be determined by the trier of fact. The Manguns advance the argument that they can no longer be considered in the litigation as a dismissed co-defendant under La.Code Civ.P. art. 966(G). The Manguns assert that because the trial court dismissed them as co-defendants from the case after finding them free from fault, and the plaintiffs failed to appeal, they may no longer be referenced at trial.

Louisiana Code of Civil Procedure Article 966(G) reads:

When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or non-party shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or non-party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form.

5

The Manguns state that DOTD's appeal is without merit because the Whites did not appeal the summary judgment. Additionally, the Manguns assert that even if this court considers the merits, there is no genuine issue of material fact. The trial court found that the Manguns and their insurers were free from fault and, thus, fault should not be attributed to the Manguns at trial. Further, the Manguns contend that DOTD maintained the tree and the right-of-way at issue. In support of their assertion, the Manguns cite *Dixon v. Gray Ins. Co.*, 17-29 (La.App. 5 Cir. 6/5/17), 223 So.3d 658, contending that in the absence of an appeal by the plaintiffs, the judgment became final and that this court cannot reach the merits as to whether summary judgment was proper as asserted by DOTD. We agree and find that once a co-defendant is dismissed upon a determination that the party was free from fault, the co-defendant may not be reintroduced into the litigation pursuant to La.Code Civ.P. art. 966(G).

In *Dixon*, the fifth circuit held that the defendant in an auto accident could not introduce evidence or make reference to the co-defendant dismissed on summary judgment because the co-defendant was found free from fault. The court reasoned that La.Code Civ.P. art. 966(G) is "an emphatic expression by the legislature that there *shall* be no evidence admitted, nor any consideration of the fault or comparative fault of a party or non-party who has been adjudicated to be without negligence or fault at summary judgment." *Id.* at 661.

DOTD seeks to introduce evidence of the Manguns' comparative fault at trial even though the Manguns, Church Mutual, and Safeco were dismissed from the suit on summary judgment because the trial court found the Manguns free from fault. Like the dismissed co-defendants in *Dixon* could not be referenced at trial for comparative fault because of the prohibition provided by La.Code Civ.P. art.

6

966(G), the Manguns are no longer a party to the litigation and cannot be referenced at trial. Any admission of evidence and references to the Manguns at trial would be in direct conflict with La.Code Civ.P. art. 966(G), and the legislature's stated intent. Thus, the Manguns cannot be considered in the allocation of fault at trial or on a jury verdict form.

Additionally, in *Dixon*, the court found that the plaintiff's appeal was final because the plaintiff did not appeal the judgment. It stated:

> When a judgment dismisses one of several cumulated claims by the plaintiff, the *plaintiff* must appeal the adverse judgment to obtain affirmative relief. Nunez v. Commercial Union Ins. Co., 00-3062 (La. 2/16/01), 780 So.2d 348, 349. The judgment of dismissal acquires the authority of the thing adjudged when the plaintiff does not appeal the dismissal of his action. Grimes v. La. Med. Mut. Ins. Co., 10-0039 (La. 05/28/10), 36 So.3d 215, 217; Nunez, 780 So.2d at 349. An appeal from the judgment of the trial court by another party only brings "up on appeal the portions of the judgment that were adverse to [that party]," but not "the portions of the judgment that were adverse to the plaintiff." Grimes, 36 So.3d at 217, citing Nunez, 780 So.2d at 349.

*Id. at* 660.

In *Dixon*, the judgment became final when the plaintiffs did not appeal, and, thus, the court found the remaining defendant's appeal was without merit. Moreover, the court determined it had "no authority to determine whether the grant of summary judgment against [the dismissed co-defendant] was correct on its merits." *Id*.

Here, DOTD also appeals the judgment seeking to reverse the summary judgment. However, the Whites did not appeal this adverse judgment. Accordingly, this judgment acquired "authority of the thing adjudged." *Id*. Just as the *Dixon* court could not reach the merits as to whether the trial court's summary

7

judgment was proper when the plaintiff did not appeal, here, we are unable to address the merits because the Whites did not appeal the adverse judgment. The judgment became final when the Whites did not seek affirmative relief as to the dismissed co-defendant, the Manguns, in a cumulated claim.

The amendment to La.Code Civ.P. art. 966(G) Comment (m), "adopts the rule from prior Article 966(G)(1) that if a person is found in a summary judgment not to be negligent, not at fault, not to have caused the injury or harm, that person cannot be considered in any allocation of fault." 2015 La. Acts No. 422, Comment (m). However, La.Civ.Code art. 2323(A) provides for comparative fault and states that "the degree or percentage of fault of all persons causing or contributing . . . shall be determined, regardless of whether the person is a party to the action or a nonparty . . . ." The two articles seemingly conflict after the amendment of La.Code Civ.P. art. 966(G). Therefore, we must look to harmonize the implications of the amended La.Code Civ.P. art. 966(G) with La.Civ.Code art. 2323.

When presented with conflicting intercodal articles on a similar subject matter, the court looks to the principles guiding statutory construction and interpretation on the same subject matter to harmonize these laws, utilizing legislative intent and "giv[ing] effect that makes the least change in the existing body of law." *Wartelle v. Women's and Children's Hosp., Inc.*, 97-744, p. 7 (La. 12/2/97), 704 So.2d 778, 782 (citing *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 6/20/97), 694 So.2d 184); La.Civ.Code art. 13. "Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles with other statutory provisions." *City of New Orleans v. Bd. of Sup'rs of*

8

*Elections for Parish of Orleans*, 216 La. 116, 43 So.2d 237, 246 (1949) (quoting 50 Am. Jur 367, § 363).

"'[L]aws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject'[.]" *Weller v. Van Hoven*, 42. La.Ann. 600, 7 So. 702, 702 (La.1890) (citations omitted); *see also Louisiana Municipal Ass'n. v. State*, 04-227, p. 36 (La. 1/19/05), 893 So.2d 809, 837 (noting that "the legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter."). When statutes are in conflict, "the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *LeBreton v. Rabito*, 97-2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229 (citations omitted).

When determining the legislative intent, the House Summary of Senate Amendments for H.B. 696 sheds light that the proposed law, La.Code Civ.P. art. 966(G), is a clarification of the existing law provisions, including La.Civ.Code art. 2323. The amendment is a clarification of "present law provisions relative to a party who is found not at fault, who shall not be considered in any subsequent allocation of fault, and submission of the issue to the jury." SSHB696, 2015 Leg., Reg. Sess., Act 422 (La. 2015). Accordingly, we find the amendment to La.Code. Civ.P. art 966(G) is a clarification of La.Civ.Code. art. 2323, and must prevail as a latter introduced amendment and as a clarification of the legislature's intent on the issue of comparative fault when a party has been dismissed from litigation upon a finding that the party was not at fault.

We conclude that DOTD shall not refer directly or indirectly to the fault of the Manguns nor shall the Manguns be considered in any allocation of fault

at trial. Accordingly, in the absence of an appeal seeking affirmative relief by the Plaintiffs, this court does not reach the merits of DOTD's appeal as to whether the summary judgment is proper because procedurally it is moot.

V.

## CONCLUSION

Based upon the foregoing, we dismiss DOTD's appeal, finding that the trial court's summary judgment in favor of the Manguns is final. Accordingly, DOTD may not reference the Manguns at trial. All costs are assessed to the Defendant-Appellant.

**APPEAL DISMISSED.**