# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-745

**GERALD J. MIRE**

**VERSUS**

**BRANDON A. GUIDRY, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162535
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.

**REVERSED.**

**Amy, J., concurs in the result.**

**Guy D. Perrier**
**Jean E. Lavidalie, Jr.**
**Perrier & Lacoste, L.L.C.**
**365 Canal Street, Suite 2550**
**New Orleans, Louisiana  70130**
**(504) 212-8820**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **State National Insurance Company**
 **Brandon A. Guidry**
 **Butcher Air Conditioning Company**

**Byron A. Richie**
**Paul D. Oberle, Jr.**
**Patrick W. Woolbert**
**Richie, Richie & Oberle, L.L.P.**
**1800 Creswell Avenue**
**Post Office Box 44065**
**Shreveport, Louisiana  71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **National Automotive Insurance Company**
 **Tricia R. Sam**

**Jason M. Welborn**
**Attorney at Law**
**617 South Buchanan Street**
**Lafayette, Louisiana  70501**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Gerald J. Mire**

**SAVOIE, Judge.**

Defendants, Brandon A. Guidry, Butcher Air Conditioning Company, and State National Insurance Company, appeal the judgment of the trial court, granting the Motion for Summary Judgment filed by Co-Defendants, Tricia R. Sam and National Automotive Insurance Company, and dismissing Plaintiff, Gerald Mire's, claims against Sam and National Automotive. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

This cause of action arises out of an automobile accident which occurred on June 22, 2015, in Lafayette, Louisiana. The accident involved a three car rear-end collision, with Mire being the driver of the first vehicle, Sam driving the second vehicle following Mire, and Guidry as the rear driver following the Sam vehicle. Mire initiated suit through a Petition for Damages naming as Defendants: (1) Brandon Guidry; (2) his employer, Butcher Air Conditioning, Inc., the owner of the vehicle Guidry was driving at the time of the accident; (3) State National Insurance Company, Inc., the insurer of Butcher Air and Guidry; (4) Tricia Sam; (5) EAN Holdings, LLC[1], the owner of the Sam vehicle; and (6) National Automotive Insurance Company, the insurer of Sam. The petition alleges that Guidry collided with the rear of Sam's vehicle, causing her vehicle to then collide with the rear of the Mire vehicle. In the alternative, the petition alleges that Sam first collided with the rear of the Mire vehicle, and the Sam vehicle was subsequently struck by the Guidry vehicle because he was following too closely.

In their Answer and Jury Demand, Tricia Sam and National Automotive (the Sam Defendants) claim Brandon Guidry was wholly at fault for the accident.

---

[1] The record shows that EAN Holdings, LLC was dismissed without prejudice from the lawsuit on September 28, 2016.

Butcher Air and State National answered the petition specifically alleging the third-party fault of Tricia Sam. In the alternative, they allege the comparative fault of Sam. In a separate answer, Brandon Guidry makes the same allegations.

The issue before us stems from the Motion for Summary Judgment filed by the Sam Defendants. In the motion, they requested that the trial court dismiss Gerald Mire's claims against them based on Mire's testimony that he only felt one impact. The Sam Defendants argued that this evidence proved Sam's vehicle was pushed into Mire's vehicle "as a result of being rear ended herself by the vehicle being operated by the defendant, Brandon A. Guidry." In opposition to the Motion for Summary Judgment, Guidry, Butcher Air, and State National (the Guidry Defendants) contended that a genuine issue of material fact existed because Mire told his treating physicians that he felt two different and distinct impacts when discussing the accident with them.

After a hearing on the matter, the trial court found in favor of the Sam Defendants, granting their motion for summary judgment and dismissing Mire's claims against them. The Guidry Defendants first filed a supervisory writ application alleging that there was a genuine issue of material fact in dispute and that the credibility of the plaintiff was improperly considered at the hearing. A panel of this court denied the writ, finding that the ruling at issue is a partial final judgment which is subject to an appeal. The Guidry Defendants now appeal on the same grounds found in their writ application.

LAW AND DISCUSSION

I. *The Guidry Defendants' Right to Appeal*

Before we address the Guidry Defendants' appeal, we must first determine whether this court can hear the appeal before us. The plaintiff in this matter,

2

Gerald Mire, did not appeal the trial court's decision on the motion for summary judgment. As such, the Sam Defendants contend that the judgment is final between the parties and that there is no issue for this court to decide.

In support, the Sam Defendants cite the supreme court decision of *Grimes v. La. Medical Mut. Ins. Co.*, 10-39 (La.App. 3 Cir. 5/28/10), 36 So.3d 215. In *Grimes*, the plaintiff filed a medical malpractice claim against a hospital, two doctors and an insurer. The hospital filed a motion for summary judgment alleging that the nurses were in the immediate control of the doctors and not the hospital and, therefore, the hospital could not be liable. The trial court granted the motion, and the doctors appealed. The first circuit reversed, finding the "dual employer" doctrine applied liability to both the doctors and the hospital. In reversing the first circuit, the supreme court stated, "the filing of an appeal from the judgment of the trial court by another party only brings 'up on appeal the portions of the judgment that were adverse to [that party],' but not 'the portions of the judgment that were adverse to plaintiffs.' [*Nunez v. Commercial Union Ins. Co.*, 00-3062, p. 2 (La. 2/16/01), 780 So.2d 348, 349]." Because the hospital did not appeal the trial court's judgment, "the summary judgment dismissing [the hospital] acquired the authority of a thing adjudged and is now final between the parties." *Grimes* at 217. However, the supreme court concluded that "[the doctors], if they are able to prove the fault of the hospital's employees/nurses, are still entitled to a reduction in judgment by the percentage of fault allocated to the hospital in accordance with the general principles of comparative fault set forth in La. Civ.Code art. 2323(A)." *Id.*

3

The fifth circuit case of *Dixon v. Gray Insurance Company*, 17-29 (La.App. 5 Cir. 6/15/17), 223 So.3d 658, explained that the recent amendment to La.Code Civ.P. art. 966 now denies the reduction in judgment relief to the co-defendant that is left in the case after summary judgment. Louisiana Code of Civil Procedure Article 966(G) (emphasis added) provides:

> G. When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, **that party or non-party shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or non-party.** During the course of the trial, **no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form.**

This amendment changes the prior law. The *Dixon* court found that this was an "emphatic expression by the legislature" and that it is "clear and unambiguous, and [does] not lead to absurd results." *Dixon* at 661. While we agree that it is clear and unambiguous, we disagree that it will not lead to absurd results. The defendant bears the burden of proof on an affirmative defense. However, the change in the summary judgment law, combined with the line of cases finding that, when a judgment dismisses one of several cumulated claims by the plaintiff, the plaintiff must appeal the trial court decision or else the judgment becomes final, leaves the co-defendant unable to prove its own claims for third party and comparative fault against the other co-defendant. This most certainly is an absurd result.

Moreover, La.Code Civ.P. art. 2086 entitled "Right of third person to appeal" states: "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." It seems illogical to allow a non-

4

party, but not an actual party, an appeal in a case. Further, La.Code Civ.P. art. 1031 allows "[a] demand incidental to the principal demand [to] be instituted against an adverse party, a co-party, or against a third person." Incidental demands included cross-claims and demands against third parties. *Id.* The defendant who asserts the affirmative defense bears the burden of proof. *Lopez v. Thibodeaux*, 09-719 (La.App. 3 Cir. 2/3/10), 28 So.3d 1215. The law, as it currently stands, makes it impossible for a co-defendant to prove its affirmative defense in this situation.

In the present case, the Sam Defendants' motion for summary judgment was directed at Mire's claims against them, however, the trial court's decision directly affects the amount of liability with which the Guidry Defendants will ultimately be cast. We find that, barring a co-defendant from appealing a decision of the trial court that adversely affects them, and then not allowing that same co-defendant to argue comparative and third-party fault to the factfinder even though it was plead in their answer, is unjust and improper. The Guidry Defendants pled the fault of the Sam Defendants, and they have a right to prove that affirmative defense. Therefore, we find that the Guidry Defendants can appeal the trial court's decision on the Sam Defendant's motion for summary judgment.

*II. Motion for Summary Judgment*

The appellate standard of review for motions for summary judgment is set forth as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 2006-363[,] p. 3 (La.11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of

5

law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

"A fact, for summary judgment purposes, is "material" if it potentially ensures or precludes recovery, "affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines* [*v. Garrett*, 04-806, p. 1 (La. 6/25/04)], 876 So.2d [764, 765]. A genuine issue of material fact is an issue over which reasonable minds could disagree. *Id.*" *Barber v. La. Mun. Risk Management Agency Group Self-Insured Fund*, 17-1005, p. 6 (La.App. 3 Cir. 4/18/18), ___ So.3d ___, ___.

The Sam Defendants attached the deposition of Tricia Sam to the motion for summary judgment, wherein she testified that she did not collide with the Mire vehicle until she was struck from the rear by the Guidry vehicle. Also attached to the motion for summary judgment is the deposition of Gerald Mire. In his deposition, Mire stated that he only felt one rear impact.

In opposition to the motion for summary judgment, the Guidry Defendants asserted that Mire made the alternative argument in his petition for damages that the Sam vehicle first collided with his vehicle and was then subsequently struck by the Guidry vehicle. In support of this argument, the Guidry Defendants attached the medical records of two of Mire's treating physicians. The medical records show that Mire presented to Dr. William Brennan at Neurological Solutions of Lafayette, LLC on August 7, 2015, with back and neck pain. Mire explained to Dr. Brennan that he was stopped at a red light "when he was struck twice, once by a

Toyota Camry to his immediate rear, and then both vehicles were struck by approximately a half-ton truck." The medical records of Dr. Joseph Bozelle, Jr. with the Louisiana Specialty Institute were also attached to the opposition. These records indicate that Mire presented to Dr. Bozelle on November 6, 2015, complaining of headaches, neck pain, shoulder pain, and back pain which radiated down his leg. When describing the accident to Dr. Bozelle, Mire stated that he was "hit from behind by a Toyota Camry" and that "there were two impacts very close together, and both vehicles were struck by a half-ton truck from behind."

We find that there exists a genuine issue of material fact in this matter as to how many times Mire's vehicle was impacted. "Weighing evidence and making credibility determinations are to be addressed at a trial on the merits, not at the summary stage of the proceedings." *Domingue v. Louisiana Guest House, LLC*, 17-633, p. 7 (La.App. 3 Cir. 12/6/17), ___ So. 3d. ___, ___.

**DECREE**

For these reasons, the judgment of the trial court is reversed. Costs of this appeal are hereby assessed against Tricia R. Sam and National Automotive Insurance Company.

**REVERSED.**