## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-741

**GERALD R. WHITE, ET UX**

**VERSUS**

**LOUISIANA DEPARTMENT OF
TRANSPORTATION & DEVELOPMENT, ET AL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,702, DIV. A
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY
JUDGE**

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry,
Judges.


**REVERSED AND REMANDED.**


**Fred A. Pharis**
**Pharis Law Offices**
**831 DeSoto Street**
**Alexandria, Louisiana 71301**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Gerald R. White and Charlotte White**


**Jerold Edward Knoll**
**The Knoll Law Firm, LLC**
**Post Office Box 426**
**Marksville, Louisiana 71351**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Gerald R. White and Charlotte White**

**Jeff Landry**
**Attorney General**
**Paula E. Miles**
**Assistant Attorney General**
**Louisiana Department of Justice**
**900 Murray Street, Suite B-100B**
**Alexandria, Louisiana  71301**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **State of Louisiana, Through the Department**
      **of Transportation and Development**

**PERRY, Judge.**

Plaintiffs, Gerald and Charlotte White, appeal the judgment of the trial court granting the motion for summary judgment filed by Defendant, State of Louisiana, Through the Department of Transportation and Development (DOTD), and dismissing Plaintiffs' claims with prejudice. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This case was previously before this court on an appeal from a summary judgment as *White v. Louisiana Department of Transportation & Development*, 17-629, pp. 2-3 (La.App. 3 Cir. 12/6/17), 258 So.3d 11, 13, wherein this court summarized the facts and procedural history to that point, as follows:

> On August 24, 2014, [Plaintiff, Gerald] White was driving in the eastbound lane of Highway 496 in Alexandria, Louisiana during a violent thunderstorm. As Mr. White passed the [home of Garold and Mickey Mangun], a pecan tree located in the right-of-way across the street and maintained by DOTD, fell on Mr. White's truck, pinning him inside the truck. Mr. White had to be extracted from the truck, and he sustained injuries.

> Mr. White brought suit for general and special damages, including physical pain and suffering, mental anguish and distress, permanent injuries, medical expenses, lost wages, and any other damages incurred from the accident. Mr. White's wife, Charlotte White, brought a claim for loss of consortium. Mr. and Mrs. White (hereafter "the Whites") filed suit against the City of Alexandria (hereafter "the City"), DOTD, the Manguns and their insurers, Church Mutual and Safeco, alleging negligence for failure to maintain, inspect, and remove the damaged pecan tree.

> The City filed an answer to the petition, pleading the affirmative defense of comparative fault. The Manguns answered that they had no actual or constructive notice of the defective tree because they "rarely, if ever" went onto the property where the tree was located. Furthermore, the defect on the tree was only visible from the side facing opposite of the roadway and away from the Manguns' home.

> The City filed a motion for summary judgment asserting that DOTD is responsible for maintaining the right-of-ways on State highways and that the City had no notice of the defective pecan tree. The trial court granted the City's motion for summary judgment.

The Manguns and Church Mutual filed a motion for summary judgment. Thereafter, Safeco also filed a motion for summary judgment. The Manguns asserted that they had no knowledge of the tree's defect because they neither maintained the tree nor did they mow the right-of-way. During his deposition, DOTD's expert arborist, Mr. Malcolm Guidry, described the tree's canopy as healthy. The Whites' expert arborist, Mr. Robert Thibodeaux, testified that he saw signs of the tree's failure through bark twists and discoloration, as well as a co-dominant trunk visible on pre-accident photographs of the tree. However, Mr. Thibodeaux noted that these signs were not signs that he would expect a layperson to recognize as signs of the tree's failure. DOTD opposed the summary judgment, arguing that the Manguns did not exercise reasonable care through their failure to maintain, inspect, and remedy the defective tree. The trial court granted summary judgment in favor of the Manguns, Church Mutual, and Safeco. The Whites did not appeal the summary judgment. DOTD [appealed], contending that there [was] a genuine issue of material fact as to whether the Manguns had notice of the defective tree.

This court dismissed DOTD's appeal, finding the trial court's summary judgment became final when the adverse judgment was not appealed by Plaintiffs.[1]

DOTD filed a motion for summary judgment on May 16, 2018, from which stems the issue presently before this court. In the motion, DOTD asserted there is no genuine issue of material fact, that Plaintiffs will be unable to meet their burden of proof at trial of this matter, and DOTD is entitled to judgment as a matter of law. DOTD argued it cannot be held liable because it did not have actual or constructive notice of the defective pecan tree. In support of its motion, DOTD submitted: (1) the affidavit of its expert arborist, Malcolm Guidry, stating the open rot cavity in the tree that fell on Mr. White's vehicle was a hidden defect not visible from the highway; (2) the affidavit of Kerry Lemoine, a DOTD Maintenance Supervisor for Rapides Parish, denying he observed any problems with the tree while performing bi-weekly inspections along Louisiana Highway 496; and (3) excerpts from the deposition of Plaintiffs' expert arborist, Robert Thibodeaux. DOTD characterized

---

[1] In addition, this court ruled DOTD shall not reference the Manguns in any allocation of fault at trial, in conformity with La.Code Civ.P. art. 966(G).

Mr. Thibodeaux's testimony as being that the healthy side of the tree faced the road and, even if the tree showed signs of defect facing the road, it would not be something you would expect a lay person to recognize. DOTD also cited case law for the proposition that it owed no duty to motorists traveling on state highways to check all sides of trees and check for damage. *See Caskey v. Merrick Const. Co., Inc.*, 41,662 (La.App. 2 Cir. 1/24/07), 949 So.2d 560, *writ denied*, 07-576 (La. 5/4/07), 956 So.2d 619. DOTD supplemented and amended its motion, asserting an additional affidavit of Donald J. Gauthier, Second Assistant Fire Chief (Retired) of the Alexandria Fire Department, declaring on the day of the accident the tree appeared to be a live tree with thick green foliage.

In opposition to DOTD's motion, Plaintiffs submitted: (1) the affidavit of Mr. White, stating he was driving less than the speed limit and within his normal lane of travel when the tree fell; (2) excerpts from the deposition of its expert arborist, Robert Thibodeaux; and (3) the curriculum vitae of and photographs taken or used by Mr. Thibodeaux in forming his opinions relating to the defective tree. Plaintiffs characterize Mr. Thibodeaux's testimony as being the tree exhibited signs of disease visible to the road which DOTD should have seen as early as June 2013, and DOTD should have removed the tree before it fell, injuring Mr. White.

The matter proceeded to hearing on June 18, 2018. Following argument, the trial court ruled as follows:

> Based on the argument today, DOTD's duty is to do a windshield inspection, and the facts indicate that a windshield inspection were [sic] done biweekly by DOTD. The Plaintiff[s'] expert testimony is that the tree on the side that would face traveling, the traffic, was basically the healthy side of the tree. Apparently the defect, if there was any, was on the opposite side which would not be in the sight-line of DOTD.
>
> So the Motion for Summary Judgment is granted.

3

Plaintiffs appeal, contending the trial court erred when it granted DOTD's motion for summary judgment. Plaintiffs urge there is a genuine issue of material fact relating to whether DOTD knew or should have known of the defective tree before it fell, injuring Mr. White, and, thus, summary judgment was improper. We agree.

## DISCUSSION

Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. On a motion for summary judgment, the mover bears the burden of proof; however, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense, be negated. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1).

In order to reverse the trial court's decision, this court would have to find on de novo review that the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. A fact, for summary judgment purposes, "is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). An issue,

4

for summary judgment purposes, is genuine if "reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Id.* at 765-66.

To recover damages from DOTD, Plaintiffs must prove: (1) the tree was in the care, custody, and control of DOTD; (2) the tree was defective in that it posed an unreasonable risk of harm; (3) DOTD had actual or constructive notice of the defect and failed to remedy the defect within a reasonable time; and (4) causation. *Sudduth v. State, Dep't Trans. & Dev.*, 619 So.2d 618 (La.App. 3 Cir.), *writ denied*, 629 So.2d 349 (La.1993).

In the present case, DOTD does not dispute the tree was in its custody. It does dispute it had actual or constructive notice the tree was defective.

"Constructive notice" is defined as "the existence of facts which infer actual knowledge." La.R.S. 9:2800(D). Constructive notice may be shown by facts demonstrating that the defective condition existed for such a period of time that it would have been discovered and remedied had the public body exercised reasonable care. *Laird v. City of Oakdale*, 04-767 (La.App. 3 Cir. 11/10/04), 886 So.2d 1262.

Our review of the record in this matter reveals Mr. Thibodeaux testified in his deposition that the tree, as shown by Google Earth Street View photographs taken of the right-of-way, dated June 2013, shows deterioration by way of dead limbs, discolored and twisted bark, and other obvious signs. According to Mr. Thibodeaux, that deterioration would have been exacerbated in the thirteen months between the time of the Google Earth photos, June 2013, and the time of the accident, August 2014. It is his expert opinion that a DOTD inspector should have seen the signs of deterioration and DOTD should have removed the defective tree prior to Mr. White's accident.

The trial court's oral reasons indicate it accepted DOTD's characterization of Mr. Thibodeaux's testimony—the healthy side of the tree faced the road—over that of Plaintiffs—the tree exhibited signs of disease visible to the road. However, "the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor." *Hines*, 876 So.2d at 765.

The expert arborists, Mr. Guidry for DOTD and Mr. Thibodeaux for Plaintiffs, disagree regarding whether DOTD knew or should have known the tree was defective, the resolution of which requires the fact-finder to weigh evidence. As there is clearly conflicting expert evidence, a genuine issue of material fact exists in this case as to the issue of notice, and summary judgment was inappropriate. This must go to the trier of fact and must not be disposed of via summary judgment.

## DISPOSITION

The judgment of the trial court is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to Defendant, State of Louisiana, Through the Department of Transportation and Development, in accordance with La.R.S. 13:5112(A), said appellate costs amounting to $1,889.50.

**REVERSED AND REMANDED.**