| STEPHEN AMEDEE & TANYA AMEDEE | * | NO. 2020-CA-0590 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| AIMBRIDGE HOSPITALITY LLC D/B/A EMBASSY SUITES | * | FOURTH CIRCUIT |
| NEW ORLEANS & THE CITY OF NEW ORLEANS | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00008, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Joseph S. Piacun
Reid S. Uzee
GENNUSA PIACUN
4405 North I-10 Service Road
Suite 200
Metairie, LA 70006

    COUNSEL FOR PLAINTIFF/APPELLEE

Renee Goudeau
Corwin M. St. Raymond
Donesia D. Turner
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

Ralph J. Aucoin, Jr.
Guy Dugue Perrier
Kristopher M. Gould
PERRIER & LACOSTE, LLC
365 Canal Street, Suite 2550
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLANT

                       **APPEAL DISMISSED**
                       **DECEMBER 1, 2021**

*SCJ*
*TGC*
*DNA*

Appellant, Premium Parking of South Texas, LLC ("Premium Parking"), appeals the trial court's August 3, 2020 grant of summary judgment in favor of appellee, the City of New Orleans (the "City"), dismissing the plaintiff, Stephen Amedee's claims against the City with prejudice. For the foregoing reasons, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

This suit arises from an alleged trip and fall incident that occurred on South Peters Street adjacent to the Embassy Suites Hotel on or about January 17, 2016. Mr. Amedee filed his petition for damages, naming Aimbridge Hospitality, LLC d/b/a Embassy Suites New Orleans and the City as defendants. Thereafter, in a second supplemental and amended petition, Mr. Amedee added Premium Parking, Block by Block, L.L.C., and Downtown Development Unlimited as defendants.

Mr. Amedee alleged that while he was walking on the sidewalk adjacent to the Embassy Suites Hotel, he tripped and fell on an uneven and raised brick, and his right hand struck a metallic object located within the driveway entrance.

On March 16, 2020, the City filed its motion for summary judgment arguing that it did not have actual or constructive notice of the sidewalk's alleged defect and that it was not responsible for metal debris in the driveway of the Embassy Suites Hotel. The motion was opposed by Premium Parking.

---

[1] The issue before the Court is purely procedural.

1

On March 20, 2020, Premium Parking filed its third motion for summary judgment arguing that it did not have actual or constructive notice of the alleged vice or defect. On July 31, 2020, the trial court held a hearing on the motions for summary judgment. On August 3, 2020, the trial court granted the City's motion for summary judgment and dismissed plaintiff's claims against the City with prejudice, and denied Premium Parking's motion for summary judgment. This appeal follows.

Following oral argument, this Court issued an order for the parties to submit post-argument briefs on the narrow issue of a co-defendant's right to appeal a trial court's judgment dismissing another co-defendant from the suit.

**STANDARD OF REVIEW**

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980 (quoting *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-0095, p. 5 (La. App. 4 Cir. 8/28/13), 123 So.3d 787, 790). Accordingly, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

**DISCUSSION**

On appeal, Premium Parking argues that the trial court erred in dismissing the City from the suit. Premium Parking asserts two assignments of error:

2

1) The trial court's finding regarding the absence of constructive notice is inconsistent with other rulings by the trial court on the same issue.

2) The trial court erred in dismissing the City based on undisputed facts and legal authority when the City was responsible for the condition of the property at issue.

We begin our discussion by addressing Premium Parking's right to appeal the judgment dismissing Mr. Amedee's claims against the City.

***Co-Defendant's Right to Appeal***

Premium Parking contends that if summary judgment is not reversed, it will be precluded from submitting evidence and referencing the fault of the City. We agree.

La. C.C.P. art. 966(G) provides:

When the court grants a motion for summary judgment in accordance with the provisions of this Article, *that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or non-party shall not be considered in any subsequent allocation of fault.* Evidence shall not be admitted at trial to establish the fault of that party or non-party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form.

(Emphasis added.)

When a judgment dismisses one of several claims by the plaintiff, *the plaintiff must appeal* the adverse judgment to obtain affirmative relief. (Emphasis added.) *Nunez v. Commercial Union Ins. Co.*, 2000-3062, p. 1 (La. 2/16/01), 780 So.2d 348, 349. "[O]nce a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error." *Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch*, 2014-1020, p. 10 (La. App. 4 Cir. 3/18/15), 163 So.3d 201, 208.

Mr. Amedee did not appeal the summary judgment dismissing his claims against the City. Therefore, the judgment became final between Mr. Amedee and the City. In this instance, we find that Premium Parking does not have the right to appeal the City's dismissal on summary judgment. Further, this Court has no authority to determine whether the grant of summary judgment in favor of the City was correct on its merits because Mr. Amedee failed to appeal. *See Dixon v. Gray Ins. Co.*, 17-29, pp. 2-3 (La. App. 5 Cir. 6/15/17), 223 So.3d 658, 660.

***Split Among the Circuits***

Louisiana's jurisprudence has consistently held that a defendant does not have the right to appeal a co-defendant's dismissal on summary judgment when the plaintiff has failed to appeal. Prior to the revisions of La. C.C.P. art. 966, while a defendant did not have the right to appeal a co-defendant's dismissal absent the plaintiff's appeal, the defendant may have been entitled to a reduction in judgment if able to prove the fault of the dismissed party.

In *Grimes v. Louisiana Medical Mutual Insurance Co.*, 2010-0039 (La. 5/28/10), 36 So.3d 215, the plaintiffs filed a medical malpractice suit against the doctors and hospital. The hospital filed a motion for summary judgment, and was dismissed from the action. The co-defendants/doctors appealed the summary judgment. However, the plaintiffs did not appeal or answer the appeal. *Grimes*, 2010-0039, pp. 1-2, 36 So.3d at 216.

The Supreme Court held that when a plaintiff failed to appeal or answer the appeal, the summary judgment dismissing the defendant acquired the authority of a thing adjudged and is final between the parties. The Court further noted that "[w]hile [hospital] cannot be cast in judgment, these defendants, if they are able to prove the fault of the hospital's employees/nurses, are still entitled to a reduction in

4

judgment by the percentage of fault allocated to the hospital in accordance with the general principles of comparative fault set forth in La. Civ.Code art. 2323(A)."[2] *Id.* at p. 3, 36 So.3d at 217.

In 2015, the Louisiana Legislature substantially revised La. C.C.P. art. 966. The provisions of La. C.C.P. art. 966(G) preclude the trial court from considering a dismissed party in any subsequent allocation of fault. As a result, the dismissed party cannot be referenced and no evidence may be introduced in any attempt to establish fault. As a result, there can no longer be a reduction of the judgment for the remaining defendant.

The revision "has led to a circuit split in the Louisiana appellate courts as to whether an absurd result occurs when a co-defendant is dismissed on summary judgment, the plaintiff does not appeal the co-defendant's dismissal, and the remaining defendants do not have the right to appeal the dismissal." William Bell, *Protecting A Defendant's Right to Appeal Adverse Judgments Under Louisiana Code of Civil Procedure Article 966(G)*, 80 LA. L. REV. 1491, 1493 (2020).

The Third Circuit has conflicting opinions on this issue. The Fifth Circuit has held that based on its interpretation of La. C.C.P. 966(G) and a plaintiff's failure to appeal the adverse judgment, a defendant does not have the right to appeal a co-defendant's dismissal. The Fourth Circuit has not addressed the matter.

In *White v. Louisiana Department of Transportation & Development*, 2017-629 (La. App. 3 Cir. 12/6/17), 258 So.3d 11, the court dismissed the defendant's

---

2 La. C.C. art. 2323(A) provides in pertinent part, "[i]f a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss."

5

appeal, finding the appeal to be procedurally moot because of the absence of plaintiffs' appeal seeking affirmative relief. One of the plaintiffs, Gerald White, sustained injuries after he was passing a home, and a tree fell on his vehicle. Mr. White and his wife brought suit against four defendants, including the homeowners and the Department of Transportation and Development ("DOTD"). The homeowners filed a motion for summary judgment, and the trial court granted it. *White*, 2017-629, pp. 2-3, 258 So.3d at 13.

DOTD appealed, arguing that there were genuine issues of material fact as to whether the homeowners had notice of the defective tree. *Id.* The Third Circuit noted that once a co-defendant has been dismissed upon the determination that the party was free from fault, the co-defendant may not be reintroduced into the litigation pursuant to La. C.C.P. art. 966(G). *Id.* at 6-7, 258 So.3d at 15. The court further held that "the Whites did not appeal this adverse judgment. Accordingly, this judgment acquired 'authority of the thing adjudged.'" *Id.* at 7, 258 So.3d at 16 (quoting Dixon v. Gray Ins. Co., 17-29, p. 2 (La. App. 5 Cir. 6/15/17), 223 So.e3d 658).

Shortly after its decision in *White*, the Third Circuit addressed the same issue in *Mire v. Guidry*, 2017-745 (La. App. 3 Cir. 6/27/18), 250 So.3d 383.

In *Mire*, the plaintiff was involved in an automobile accident and brought suit against six defendants. Two of the defendants filed a motion for summary judgment, and the trial court granted it in their favor. Co-defendants, Brandon Guidry, Butcher Air Conditioning, Inc., and State National Insurance Company, Inc., appealed the summary judgment. *Id.*, 2017-745, pp. 1-2, 250 So.3d at 384-85.

The *Mire* court acknowledged that the plaintiff did not appeal the trial court's decision. *Id.* at p. 2-3, 250 So.3d at 385. The court noted that in *Grimes*, the

6

Supreme Court explained that because the plaintiff did not appeal the judgment, the summary judgment dismissing the defendant acquired the authority of the thing adjudged and was final between the parties; however, if the remaining defendant is able to prove the fault of the dismissed defendant, he may be entitled to a reduction in judgment. *Mire*, 2017-745, p. 3, 250 So.3d at 385-86 (citing *Grimes*, 2010-0039, p. 3, 36 So.3d at 217).

The *Mire* court noted that the amendment to La. C.C.P. art. 966(G) changes prior law, and now denies a reduction in judgment relief to the co-defendant that is left in the case after summary judgment:

> [T]he change in the summary judgment law, combined with the line of cases finding that, when a judgment dismisses one of several cumulated claims by the plaintiff, the plaintiff must appeal the trial court decision or else the judgment becomes final, leaves the co-defendant unable to prove its own claims for third party and comparative fault against the other co-defendant. This most certainly is an absurd result.

*Id.* at p. 4, 250 So.3d at 386.

The court further provided that the motion for summary judgment was directed at the plaintiffs' claims against the movers; however, the trial court's decision directly affected the amount of liability the remaining defendants would ultimately be cast. *Id.*, 2017-745, p. 5, 250 So.3d at 386. The court held "barring a co-defendant from appealing a decision of the trial court that adversely affects them, and then not allowing that same co-defendant to argue comparative and third-party fault to the factfinder even though it was plead[ed] in their answer, is unjust and improper." *Id.* at p. 5, 250 So.3d at 386. Upon finding that the co-defendants had the right to appeal, the court reviewed the appeal on the merits and reversed the trial court's grant of summary judgment. *Id.* at pp. 5-7, 250 So.3d at 387-88.

7

In *Dixon*, defendant, Louisiana Pizza Group, LLC, ("LPG") appealed the trial court's grant of summary judgment in favor of three co-defendants, dismissing plaintiff's claims with prejudice. 17-29, p. 1, 223 So.3d at 659. The court explained that because the plaintiff did not appeal or answer the appeal, the summary judgment became final between the plaintiff and the three co-defendants. *Id.* at p. 2, 223 So.3d at 660. Thus, the court found that it did not have the authority to determine the appropriateness of the grant of summary judgment on its merits. *Id.* at pp. 2-3, 223 So.3d at 660.

The *Dixon* court further provided that the trial court shall not consider the dismissed party in any allocation of fault. *Id.* at p. 4, 223 So.3d at 661. The court noted that the provisions of La. C.C.P. art. 966(G) were not law when *Grimes* was decided, and that the article is "an emphatic expression by the legislature that there *shall* be no evidence admitted, nor any consideration of the fault or comparative fault of a party or non-party who has been adjudicated to be without negligence or fault at summary judgment." (Emphasis in original). *Id.* at p. 3, 223 So.3d at 661. The court further noted:

> A finding to the effect that La. C.C.P. art. 966 G does not preclude all parties from attempting to show fault on the part of a party dismissed in summary judgment could lead to the absurd result that during trial, LPG would be permitted to argue and present evidence of [co-defendant's] percentage of fault, while the plaintiff, Dixon, against whom summary judgment was adverse, could not. That result would disregard the current law and would allow LPG to circumvent the intent of the legislature.

*Id.* at p. 3-4, 223 So.3d at 661.

The court held "although LPG appeals the summary judgment insofar as it is adverse to LPG, under the provisions of La. C.C.P. art. 966 G, LPG may not introduce, and the trial court may not admit or allow evidence, argument, or

8

reference to, or any consideration of, fault on the part of [co-defendant] at trial." The court found the appeal to be without merit. *Id.* at p. 4, 223 So.3d at 661.

The instant matter is procedurally similar to *White*, *Mire,* and *Dixon*, as a co-defendant filed an appeal when the plaintiff did not appeal the adverse summary judgment. The precise issue of a co-defendant's appeal right has not been directly addressed by this Court. We find that the legal reasoning of the *White* and *Dixon* courts fully support the contention that a co-defendant does not have the right to appeal a summary judgment when the plaintiff failed to appeal the adverse judgment and the judgment became final.

We note that La. C.C.P. art. 966(G) has legislatively overruled a portion of *Grimes* as it pertains to a defendant being entitled to a reduction in judgment after proving the fault of the dismissed party in accordance with the general principles of comparative fault. However, the Supreme Court has not addressed whether La. C.C.P. art. 966(G) leads to absurd results when a defendant is not allowed to appeal the summary judgment dismissal of a co-defendant absent the plaintiff's appeal. Nevertheless, we maintain that jurisprudence has been consistent in holding that when a plaintiff failed to appeal, the summary judgment dismissing the defendant acquired the authority of a thing adjudged and is final between the parties. *See Nunez*, 2000-3062, p. 2, 780 So.2d at 349.

Premium Parking is precluded from appealing the City's dismissal from the suit because Mr. Amedee failed to appeal the dismissal of his claims against the City. As such, the judgment became final between Mr. Amedee and the City. We find that the preclusion of a co-defendant's appeal is supported by La. C.C.P. art. 966(G). The article is clear and unambiguous that once a court grants a motion for

9

summary judgment, the dismissed party "shall not be considered in any subsequent allocation of fault." *See* La. C.C.P. art. 966(G).

Based on the trial court's determination that the City is free from fault, the City may not be reintroduced into the litigation pursuant to La. C.C.P. art. 966(G). *See White*, 2017-629, p. 6-7, 258 So.3d at 15. In light of finding that a defendant does not have the right to appeal a co-defendant's dismissal on summary judgment when the plaintiff failed to appeal, Premium Parking's appeal is meritless.

**CONCLUSION**

For the reasons assigned, we dismiss Premium Parking's appeal.

**APPEAL DISMISSED**