970 So.2d 1090 (2007)
Michael PALM and John Palm, Jr.
v.
ENCOMPASS INSURANCE COMPANY OF AMERICA and Albert Easterling, Jr.
No. 07-CA-164.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2007.
*1091 Hilary G. Gaudin, Elizabeth M. Gaudin, Gaudin & Gaudin, Gretna, Louisiana, for Plaintiffs/Appellants.
Lucia G. Hawks, Law Office of Harold G. Toscano, New Orleans, Louisiana, for Defendants/Appellees.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
MARION F. EDWARDS, Judge.
In this automobile accident case, plaintiffs/appellants appeal from the trial court's judgment that held each party 50 percent liable for the collision that forms the basis of the suit. For the reasons that follow, we affirm.
On June 24, 2005, plaintiffs/appellants, Michael Palm ("Palm") and John Palm, Jr., filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against defendants/appellants, Albert Easterling, Jr. ("Easterling") and his insurer, Encompass Insurance Company, alleging injuries resulting from an automobile collision between Palm and Easterling that occurred on May 24, 2005.
Following a bench trial on September 11, 2006, the trial court found both Palm and Easterling 50 percent liable for the accident and further awarded Palm $1064 in medical specials, $333 in property damages, and $2500 in general damages, for a total of $3897.
Palm timely filed the present appeal.
A review of the record shows the parties stipulated that, prior to the September 11, 2006 trial, the amount of damages claimed by Palm was below the jurisdictional limit required for trial by jury. The parties further stipulated that the amount of medical bills incurred by Palm was $2128.
Easterling testified at trial. Easterling stated that, on May 24, 2005, he was involved in an automobile accident with Palm on the corner of Waltham and West Metairie in Jefferson Parish. Easterling stated that he was traveling southbound and attempted to cross West Metairie in order to make a left-hand turn into the eastbound lanes of West Metairie. Easterling agreed that the accident took place in the northbound lane of Waltham while he was attempting a left-hand turn.
On direct examination, Easterling testified that, as he entered the neutral ground *1092 between the lanes of West Metairie, he slowed down and put his turn signal on. He saw Palm's vehicle approach the stop sign but did not recall if Palm's vehicle actually stopped for the stop sign. Easterling said that he was halfway into his turn onto West Metairie when the collision occurred.
Palm testified next. Palm stated that he was traveling north on Waltham, which is a residential street with two-way traffic. He said that he stopped at the stop sign on Waltham for a few seconds, waited for an opportunity to cross the road, and then, when he proceeded to cross, he saw Easterling's vehicle and applied his brakes prior to impact.
Palm testified that he was injured as a result of the accident and received treatment from Dr. Tucker, a chiropractor. Palm's first visit to Dr. Tucker was about two weeks after the accident.
Palm said that he continued to work as a nurse after the accident but needed assistance in performing some of his duties. He also indicated that his weight lifting and flag football activities were curtailed because of his injuries.
During cross-examination, Palm indicated that the traffic on West Metairie at the time of the accident was medium to heavy. He said that he first saw Easterling's vehicle when he approached the stop sign and that Easterling was also at a stop sign. Palm said that when he saw Easterling's vehicle for the second time, it was approximately eight to ten feet away just prior to impact.
On appeal, Palm's sole assignment of error is that the trial court failed to apply two legal presumptions that would have required a finding of 100 percent fault on the part of the defendant/appellant.
As he did at trial, Palm again asserts that, pursuant to LSA-R.S. 32:122, Easterling did not meet his burden to demonstrate that he was free from fault as a motorist making a left turn at an intersection. LSA-R.S. 32:122 provides that "[t]he driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard."
Palm further argues that Easterling failed at trial to overcome the presumption of negligence that attached as a motorist who executed a left-hand turn and crossed the center line at the time of impact.
Conversely, Easterling asserts that he established at trial that Palm violated LSA-R.S. 32:123, which, in relevant part, states:
B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.
Easterling characterizes the trial testimony in support of his argument as follows:
Both drivers initially had the stop sign and both testified to stopping for the stop sign. However, Mr. Easterling was in the neutral ground area first; meanwhile Mr. Palm would still have been at *1093 the stop sign. Mr. Easterling no longer had the stop sign while in the neutral ground, but, at that point, Mr. Palm would have had the stop sign. Therefore, Mr. Palm had the duty to stop and not enter West Metairie at the time Mr. Easterling was in the neutral ground preparing to turn with his signal on. . . . As soon as there was an opening in West Metairie traffic, Mr. Palm rushed to the neutral ground without checking for the Easterling van.
Easterling further cites to the case of Decker v. Employers Liability Assurance Corp.,[1] in which the court noted:
We are fully aware of the jurisprudence to the effect that a motorist driving in a right of way street, in possession of knowledge that the intersecting street is controlled by a stop sign, has a right to assume that any driver approaching that intersection from the less favored street will observe the law and bring his vehicle to a complete stop before entering the intersection. Such motorist may indulge in this assumption until he sees, or should see that the other vehicle has or will not observe his obligation to stop.
Easterling concludes that the trial court was reasonable in assessing 50 percent fault against Palm in light of what it likely found was Palm's failure to see what he should have seen and his failure to stay at the stop sign until it was safe to enter the intersection.
The assigning of percentages of fault is a factual determination and as such is subject to the manifest error standard of review.[2] Fault may be reallocated by the appellate court only after it has found manifest error, and may be lowered or raised only to the highest or lowest point, which is reasonably within the trial court's discretion.[3]
The trial court had the opportunity to consider both Palm and Easterling's theories of liability and negligence in this case and, further, heard the testimony of both Palm and Easterling regarding how the accident occurred.
As noted by the Louisiana Supreme Court in Stobart v. State through Dep't of Transp. and Dev.[4]:
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact-finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. . . . Nonetheless, this Court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *1094 Housley v. Cerise, 579 So.2d 973 (La. 1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
After our review of the record, we cannot say that the trial court was manifestly erroneous in its determination of fault between the parties based upon the evidence and testimony presented.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear its own costs on appeal.
AFFIRMED.
NOTES
[1] 247 So.2d 232, 234-35 (La.App. 4 Cir.1971), writ refused, 258 La. 915, 248 So.2d 586 (1971) (footnote omitted).
[2] Peck v. Wal-Mart Stores, Inc., 96-645 (La. App. 3 Cir. 11/6/96), 682 So.2d 974.
[3] Rauch v. Schiavi, 00-160 (La.App. 5 Cir. 10/19/00), 772 So.2d 749, writs denied, XXXX-XXXX, XXXX-XXXX (La.2/16/01), 786 So.2d 102.
[4] 617 So.2d 880, 882-83 (La.1993) (some citations omitted).