# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-1120**

**DEBORAH MONK AND RICKIE E. MONK, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, JASMINE MONK AND JARED MONK**

**VERSUS**

**UNITED FIRE & CASUALTY INSURANCE COMPANY, LIFESHARE BLOOD CENTERS AND JEFFREY G. HERRERA**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**NINTH JUDICIAL DISTRICT COURT**
**PARISH OF RAPIDES, DOCKET NO. 243,330 C/W 241,803**
**HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.

**AFFIRMED.**

**Conery, J., dissents and assigns reasons.**

Russell L. Potter
Andrew P. Texada
Stafford, Stewart & Potter
P.O. Box 1711
Alexandria, LA  71309
(318) -
**ATTORNEY FOR DEFENDANTS/APPELLANTS**
    United Fire & Casualty Ins. Co., Lifeshare Blood Centers, and Jeffrey G. Herrera

William S. Neblett
Matthew J. Crotty
Neblett, Beard & Arsenault
P.O. Box 1190
Alexandria, LA  71309-1190
(318) 487-9874
**ATTORNEY FOR PLAINTIFFS/APPELLEES**
    Deborah Monk and Rickie Monk, Individually and on Behalf of their Minor Children, Jasmine Monk and Jared Monk

Bonita Preuett-Armour
Armour Law Firm
P.O. Box 710
1744 Jackson Street
Alexandria, LA  71309
(318) 442-6611
**ATTORNEY FOR DEFENDANTS/APPELLEES**
  State Farm Fire & Casualty Company and Joni Harville

**COOKS, Judge.**

In this vehicular accident case, Defendants appeal the trial court's grant of summary judgment on the issue of liability, which found Joni Harville free from fault in causing the accident in question. For the following reasons, we affirm the grant of summary judgment.

### FACTS AND PROCEDURAL HISTORY

On April 8, 2011, Joni Harville was driving her Nissan truck on Louisiana Highway 28 West, just outside of Alexandria, Louisiana. Traveling with her, in the front passenger seat, was Deborah Monk. The two women were planning on stopping at a flea market garage sale. They were not sure of the exact location of the garage sale, just that they were looking for a private driveway located on Highway 28. Ms. Harville's vehicle had just passed a curve in the highway, when Ms. Monk saw the driveway in question, and alerted Ms. Harville. According to both Ms. Harville and Ms. Monk, the left turn signal was immediately activated and she began to slow the vehicle.

Traveling behind the Harville vehicle was a 2006 Bluebird bus owned and operated by LifeShare Blood Center, and driven by Jeffrey Herrera. According to Mr. Herrera's testimony, he had been following the Harville vehicle for quite some time, and was maintaining about three to three and one-half car lengths between the vehicles. Mr. Herrera stated he was traveling at approximately 50 to 55 miles per hour when he noted the Harville vehicle was slowing. Mr. Herrera testified he saw the brake lights and left turn signal on the Harville vehicle, and realized at that point the bus he was driving was only two to two and one-half car lengths behind the Harville vehicle.

As the Harville vehicle began slowing, Mr. Herrera testified he believed he did not have sufficient room between the vehicles to stop without rear-ending the Harville vehicle. He also believed he could not safely go to the right of the

Harville vehicle, because there was not enough room. Mr. Herrera then made the decision to attempt to pass the Harville vehicle on the left by entering the other lane of travel (at this point Highway 28 has only one lane of travel in each direction). Although Mr. Herrera noted there was an oncoming vehicle in that lane of travel, he believed he had sufficient time to successfully complete the maneuver.

At the time Mr. Herrera veered the Bluebird bus into the other lane of travel, Ms. Harville began her turn into the driveway. The vehicles collided, with the Harville vehicle approximately halfway into the other lane of travel upon impact.

Deborah Monk filed suit against Joni Harville, her liability insurer, State Farm Fire and Casualty Company, Jeffrey Herrera, LifeShare Blood Center, and LifeShare's liability insurer, United Fire & Casualty Company. Joni Harville later filed a separate lawsuit against Herrera, LifeShare and United Fire. The suits were consolidated for trial purposes.

Harville and State Farm filed a motion for summary judgment in the lawsuit filed by Deborah Monk, contending Harville was free from fault in causing the accident. This motion was opposed by Herrera, LifeShare and United Fire. A hearing was held on the motion, after which the trial court orally granted Harville and State Farm's motion. A judgment to this effect was signed, to which Herrera, LifeShare and United Fire appealed.

After the State Farm/Harville motion for summary judgment was granted in the Deborah Monk suit, Harville filed a motion for summary judgment in her suit seeking to have the trial court rule she was free from fault in causing the accident. After hearing arguments from the parties, the trial court again orally granted Harville's motion for summary judgment. Herrera, LifeShare and United Fire also appealed this judgment. Both appeals were consolidated.

After both appeals were lodged, but prior to oral argument, the lawsuit filed by Harville against Herrera, LifeShare and United Fire was settled. The appeal involving the suit filed by Deborah Monk remains before this court.

## ANALYSIS

In reviewing a motion for summary judgment, an appellate court "applies a de novo standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844 (quoting *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638). As a general principle, our law in Louisiana favors the summary judgment procedure as a vehicle by which the "just, speedy, and inexpensive" determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Louisiana has enacted laws that set forth the duties imposed on a left-turning driver as well as a passing driver. Louisiana Revised Statutes 32:104, entitled "Turning movements and required signals," provides in pertinent part:

> A. No person shall ... turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
>
> B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

3

The law with regard to a vehicle passing on the left is found in La.R.S. 32:75, entitled "Limitations on passing on the left," which provides in pertinent part:

> No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.

La.R.S. 32:73 provides in pertinent part:

> The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:
>
> (1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

Defendants argue on appeal that Ms. Harville was at fault for failing to look in her rear-view mirror to ascertain if there were any passing vehicles prior to making her left turn. They cite *Lavalais v. Brister*, 08-1390 (La.App. 3 Cir. 4/1/09), 7 So.3d 126, 130, for its statement of law that "[i]f the left-turning motorist fails to look in the rear view mirror to ascertain if there were any passing vehicles, then that driver is considered to be at fault in causing the accident even if a turn signal is given."

Defendants also cite *Thibodeaux v. Ace American Ins. Co.*, 13-577 (La.App. 3 Cir. 11/27/13), 127 So.3d 132, wherein this court assessed one hundred percent fault to a left-turning motorist. However, in that case this court emphasized that the passing motorist had "control of the passing lane" and the left-turning motorist did not activate its brake lights or turn signal prior to beginning the turn. These

4

facts are clearly distinguishable from the instant case in several respects. Mr. Herrera only attempted to pass the Harville vehicle when he realized he would be unable to stop the bus in time to avoid running into the back of the Harville vehicle. Mr. Herrera acknowledged this dire situation came about because he failed to keep a safe distance between the vehicles. Thus, Mr. Herrera was forced to attempt an evasive maneuver and enter into the other lane of travel. Contrary to the facts in *Thibodeaux*, Mr. Herrera had not gained "control of the passing lane." Moreover, the facts are undisputed that Ms. Harville applied her brakes and left-turn signal well in excess of the 100 feet required by statute.

Defendants attempt to characterize this case as dueling requirements between a passing motorist and a left-turning motorist. However, the facts (particularly as admitted by Mr. Herrera) reveal he was a following motorist, which significantly changes the duties involved herein. He had not gained control of the passing lane before Ms. Harville began her turning maneuver.

Mr. Herrera's failure to follow at a safe distance triggers the application of La.R.S. 32:81, which provides, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La.R.S. 32:81 and thus is presumed negligent. *Mart v. Hill*, 505 So.2d 1120, 1123 (La.1987). While the accident in the present case was not in all respects a direct rear-end collision, the testimony of Mr. Herrera, Ms. Harville and Ms. Monk establishes the accident occurred solely because Mr. Herrera's failed to keep a safe distance between his vehicle and the Harville vehicle.

The following motorist may escape liability for the accident by establishing the unpredictable driving of the preceding motorist created a sudden emergency

that the following motorist could not have reasonably anticipated. *Cheairs v. State ex rel. DOTD*, 03-680 (La. 12/3/03), 861 So.2d 536. The jurisprudence has held that to exculpate himself from fault, the following motorist must demonstrate he had his car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances, or by proving that the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid. *Menard v. Federated Mut. Ins. Co.*, 05-85 (La.App. 3 Cir. 6/22/05), 906 So.2d 746, *writ denied*, 05-1925 (La. 3/10/06), 925 So.2d 506; *McCullin v. U.S. Agencies Cas. Ins. Co.*, 34,661 (La.App. 2 Cir. 5/9/01), 786 So.2d 269. The following motorist bears the burden of proving he was not negligent. *Menard*, 906 So.2d 746.

Clearly the testimony of all the involved parties discounts any creation of a sudden emergency by the actions of Ms. Harville. Moreover, they do not reveal any breach of the affirmative duties placed on her as left-turning motorist. Ms. Harville, Ms. Monk and Mr. Herrera all testified in their depositions that Ms. Harville gradually slowed her vehicle and activated her left-turn signal before attempting the left turn into the private driveway. Ms. Monk specifically stated Ms. Harville activated her left-turn signal approximately 300 to 500 feet prior to the turn, well in excess of the 100 feet required by La.R.S. 32:104 and legally sufficient to give warning to any following motorist of her intention to turn left. Mr. Herrera stated he observed Ms. Harville's brake lights and left-turn signal prior to her execution of the left turn. Thus, it is clear Ms. Harville's actions did not create a sudden emergency that Mr. Herrera could not have reasonably anticipated.

Moreover, Mr. Herrera specifically testified he attempted to pass the Harville vehicle because he determined that he did not have enough space to stop the bus behind the Harville vehicle and he did not have sufficient space on the right

6

to pass safely. Thus, it is clear that Mr. Herrera's "passing" maneuver was more correctly classified as a sudden, evasive maneuver dictated solely by exigent circumstances resulting from Mr. Herrera's failure to keep a safe distance between the vehicles. Thus, under La.R.S. 32:81 Mr. Herrera is presumed negligent, and is at fault for the accident in question.

Based on the pleadings, discovery and testimony in the record, we find the trial court did not err in granting summary judgment in this case. Therefore, we affirm the lower court judgment and assess all costs of this appeal to Defendants-Appellants.

**AFFIRMED.**

DEBORAH MONK AND RICKIE E. MONK,
INDIVIDUALLY AND ON BEHALF OF THEIR
MINOR CHILDREN, JASMINE MONK AND
JARED MONK

VERSUS

UNITED FIRE & CASUALTY INSURANCE COMPANY,
LIFESHARE BLOOD CENTERS AND JEFFREY G. HERRERA AND
STATE FARM FIRE AND CASUALTY COMPANY AND JONI
HARVILLE

**CONERY, J., dissenting.**

This lawsuit is the result of an automobile accident between the driver of a bus and the occupants of a left-turning vehicle that the bus was following. Ms. Harville, as the proceeding motorist, initiated a left turn. The bus driver, Mr. Herrera, claimed that he did not have enough time to stop without rear-ending the left-turning vehicle. He veered into the opposite lane of traffic and began passing Ms. Harville's vehicle to avoid a collision. He was unable to do so, resulting in a collision between the bus and the left-turning vehicle.

Ms. Harville sued and filed a motion for summary judgment claiming that she was not at fault in any way. Ms. Harville settled her lawsuit and dismissed her case. However, Ms. Monk, the guest passenger in Ms. Harville's vehicle, also filed suit against both Ms. Harville and the bus company. She adopted Ms. Harville's position on the motion for summary judgment and claims on appeal that the summary judgment finding no fault on the part of Ms. Harville should be

upheld, as it was granted while the cases were consolidated and before Ms. Harville settled her consolidated suit.[1] The trial court granted the summary judgment, finding, no fault on the part of Ms. Harville, the left turning motorist. The majority affirmed. I disagree.

Issues of material fact preclude summary judgment in this case. Ms. Harville, the left turning driver, admitted in her deposition that she did not even know the bus was behind her when she began her left turn. A question of fact, therefore, arises as to whether she even looked in her rear and side view mirrors before initiating her left turn. Photos of the damage to the vehicles show that the front corner of the passenger's side of the bus struck Ms. Harville's vehicle on the front corner of the driver's side, which arguably demonstrates that Ms. Harville was not even 50% of the way through her turn when she was either hit by or turned into the passing bus.

The duty on the left turning motorist is great. Had Ms. Harville checked her rear view and side view mirrors before she began slowing for a turn, it would have been virtually impossible to miss seeing a large bus following her. The testimony of the bus driver was that he had been following Ms. Harville's vehicle for quite some time.

Ms. Harville further testified in her deposition that she was looking for a garage sale location just prior to initiating her left turn. How close was Ms. Harville to the garage sale sign when she saw the sign and activated her turn signal? Additional factual questions involve how rapidly she slowed down to

---

[1] *Joni L. Harville, individually and on behalf of her minor children, Landon Harville and Tristan Harville v. United Fire & Casualty Insurance Company, Lifeshare Blood Centers and Jeffery G. Herrera*, 13-1417 (La.App. 3 Cir. __/__/__), ___ So.3d ___.

make the left turn after she spotted the sign. Was the maneuver "sudden" as the bus driver suggested?

Summary Judgment is not proper when so many factual questions and inferences from disputed facts are present. Credibility determinations as to the bus driver's version of the collision as opposed to Ms. Harville's version are for the fact finder. This court has stated, "If reasonable persons could reach only one conclusion as to a particular factual issue, then such issue is not genuine and may be disposed of summarily. However, if reasonable persons could disagree as to a factual issue's resolution, then such an issue is genuine, and trial on the merits is warranted." *Lovejoy v. Bergeaux*, 03-862, p. 5 (La.App. 3 Cir. 12/10/03), 862 So.2d 490, 493, *writ denied*, 04-13 (La. 3/19/04), 869 So.2d 851, *cert. denied*, 543 U.S. 819, 125 S.Ct. 58 (2004) (citing *Sumner v. Sumner*, 95-677 (La.App. 3 Cir. 11/8/95), 664 So.2d 718, *writ denied*, 95-2919 (La. 2/9/96), 667 So.2d 531).

There are myriad factual questions in this case and credibility determinations are essential for a proper resolution. I would reverse the summary judgment and remand the case to the trial court for a trial on the merits.